**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-7626

_____

BRIAN KEITH NESBITT,

                    Petitioner - Appellant,

          v.

WARDEN TYGER RIVER CORRECTIONAL INSTITUTION,

                    Respondent - Appellee,

          and

STATE OF SOUTH CAROLINA,

                    Respondent.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Richard M. Gergel, District
Judge.  (0:13-cv-02602-RMG)

_____

Submitted:  March 16, 2015            Decided:  April 1, 2015

_____

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Brian Keith Nesbitt, Appellant Pro Se.   Donald John Zelenka,
Senior Assistant Attorney General, Kaycie Smith Timmons,
Assistant Attorney General, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Nesbitt, a South Carolina prisoner, seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying relief on his 28 U.S.C. § 2254 (2012) petition. Parties in a civil action in which the United States is not a party have thirty days following entry of the judgment in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Because Nesbitt is incarcerated, the notice of appeal is considered filed on the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The record does not conclusively reveal when Nesbitt delivered the notice of appeal to prison officials for mailing. Accordingly, although we grant Nesbitt's motion to amend his informal brief, we remand the case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

3